**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4894**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMES WINDER, a/k/a Deandre Jones,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge.  (1:17-cr-00668-GLR-1)

Submitted:  July 31, 2019                    Decided:  August 15, 2019

Before KEENAN, FLOYD, and RICHARDSON, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Mirriam Z. Seddiq, MIRRIAM Z. SIDDIQ, LLC, Upper Marlboro, Maryland, for Appellant.  Burden Hastings Walker, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Winder pled guilty, pursuant to a plea agreement, to possession with intent to distribute cocaine and heroin, in violation of 21 U.S.C. § 841 (2012), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2012). On August 20, 2018, the district court sentenced Winder to 84 months' imprisonment. On December 11, Winder filed a notice of appeal dated December 1, and postmarked December 3.

Winder's appointed counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Winder was correctly found to be a career offender. In his pro se supplemental brief, Winder contends that his plea was invalid regarding the firearm charge, because he was not properly informed of the elements, because there was not a proper factual basis, because the district court erred during the Fed. R. Crim. P. 11 hearing, and because he received ineffective assistance of counsel. The Government has moved to dismiss the appeal as untimely.

A criminal defendant must file his notice of appeal within 14 days of the entry of the judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days to file a notice of appeal. Fed. R. App. P. 4(b)(4); *United States v. Reyes*, 759 F.2d 351, 353 (4th Cir. 1985).

2

Because Winder failed to file a timely notice of appeal or to obtain an extension of the appeal period, we grant the Government's motion to dismiss the appeal as untimely.[*] *See United States v. Oliver*, 878 F.3d 120, 123 (4th Cir. 2017). This court requires that counsel inform Winder, in writing, of the right to petition the Supreme Court of the United States for further review. If Winder requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Winder. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] Because we dismiss the appeal as untimely, we need not consider the Government's motion to dismiss the appeal as barred by the appellate waiver in Winder's plea agreement.